IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| NAV-TV, CORP., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| RICHARD DESCLAFANI, individually and | ) |
| CAR INTEGRATION SYSTEMS CORP. | ) |
| a/k/a CIS CORP. | ) |
|  | ) |
| Defendants. | ) |

Plaintiff NAV-TV Corp ("NAV-TV," or "Plaintiff"), for its Complaint against Defendants Richard DeSclafani ("DeSclafani"), and Car Integrations Systems Corp. a/k/a Cis Corp. ("CIS")(collectively "Defendants") alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for patent infringement under federal law and unfair competition under the Florida common law and the Lanham Act.

**PARTIES**

2. NAV-TV is a Florida corporation organized and existing under the laws of the State of Florida with a place of business at 3950 NW 10th Ave., Coral Springs, Broward County, Florida 33065.

3. NAV-TV is generally in the business of manufacturing and selling products that integrate with the vehicle to control vehicular functions. NAV-TV is a market leader in Original Equipment Manufacture ("OEM") video integration and Video in Motion products for vehicles equipped with factory navigation. NAV-TV provides product solutions to new vehicle owners allowing seamless integration to the factory head unit. NAV-TV's proprietary products and

technical support enables customers to install and use after market equipment in OEM installed vehicles.

4. On information and belief, Defendant CAR INTEGRATION SYSTEMS CORP. ("CIS") is a Florida corporation organized and existing under the laws of the State of Florida with its principal place of business at 6831 Eastview Dr., Lake Worth, Palm Beach County, Florida 33462.

5. On information and belief, Defendant is in the business of offering for sale and selling integration products for vehicles equipped with factory navigation, including OEM video integration and Video in Motion, for vehicles equipped with factory navigation.

6. On information and belief, Defendant Richard DeSclafani is a resident of Palm Beach County, Florida and is the owner and President of CIS.

## JURISDICTION

7. This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

8. This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331, 1338(a), and 1367.

9. Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400(b).

10. Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with knowledge or understanding that such products are sold in the State of Florida, including in this District.

## BACKGROUND

11. NAV-TV is the owner of all rights, title and interest in and to United States patent No. 7,917,261 ("the '261 Patent") and United States patent No. 8,103,407 ("the '407 Patent") (hereinafter collectively "the Patents-in-Suit").

12. The Patents-in-Suit disclose and claim NAV-TV's products, including but not limited to, NTV-KIT260 (ALLGIG XG HS KIT), NTV-KIT211 (BARRACUDA KIT), NTV-KIT391 (MY TOUCH-CAM-KIT).

13. NAV-TV offers for sale the products disclosed and claimed by the Patents-in-Suit, including but not limited to, NTV-KIT260 (ALLGIG XG HS KIT), NTV-KIT211 (BARRACUDA KIT), NTV-KIT391 (MY TOUCH-CAM-KIT), and these products are marked with the patent numbers.

14. DeSclafani is a former employee of NAV-TV beginning on or about February 24, 2008. As a condition of his employment, DeSclafani executed an Employee Non-Compete and Trade Secret Agreement (the "Agreement") confirming the confidentiality of NAV-TV's customer lists and other proprietary information, prohibiting its use or disclosure to third parties, and agreeing to return all confidential and proprietary information to NAV-TV upon request.

15. During his employment, DeSclafani engaged in sales efforts for NAV-TV. As a Sales Manager, DeSclafani provided direct services to NAV-TV's customers and was required to develop and maintain direct and continuous sales and marketing relationships with customers.

17. Throughout his employment with NAV-TV, DeSclafani had access to certain non-public confidential data and information belonging to NAV-TV, including key customer, vendor, and pricing information. He acknowledged this fact when he signed the Agreement.

18. On or about December 19, 2013, DeSclafani was terminated from his employment at NAV-TV.

20. On or about March 21, 2014, DeSclafani incorporated and began operating CIS. In direct violation of the Agreement, DeSclafani has been directly competing with NAV-TV and has contacted customers of NAV-TV for the purpose of selling products similar to those sold by NAV-TV on behalf of himself and CIS.

21. On information and belief, CIS and DeSclafani have solicited customers, including NAV-TV customers, with the purpose of offering for sale and selling the UNi-VIM/CAM.

22. On information and belief, the UNi-VIM/CAM is a universal Video in Motion and Rear Camera interface. The UNi-VIM/CAM directly infringes one or more claims of the Patents-in-Suit.

23. On or about April 21, 2014, NAV-TV customer Greg Boylan from Auto Action Group emailed NAV-TV to inform it that DeSclafani was soliciting their business on behalf of him and CIS.

24. Several other NAV-TV customers such as JML Audio, Neo Car Audio, and Westminster Speed & Sound have informed NAV-TV that DeSclafani was soliciting their business on behalf of himself and CIS.

25. Defendants are presently utilizing NAV-TV's customer list, vendor information and/or proprietary information either directly or indirectly for his own economic benefit to the detriment of NAV-TV.

26. Defendants continue to solicit business from NAV-TV customers for the purpose of selling products that infringe the Patents-in-Suit.

27. By offering for sale and selling the UNi-VIM/CAM, Defendants continue to infringe one of more claims of the Patents-in-Suit.

28. The Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida has already granted NAV-TV a preliminary injunction against Defendants precluding them from offering for sale the infringing products including the UNi-VIM/CAM in the state of Florida and for any sales originating in Florida sold to customers anywhere in the U.S. based on its finding that the Defendants have improperly obtained valuable confidential business and professional information from the Plaintiff.

## COUNT I
## INFRINGEMENT OF U. S. PATENT NO. 7,917,261

28. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-27 herein.

29. Pursuant to 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe, at least one claim of the '261 Patent by offering for sale or use, and/or selling, distributing, promoting or providing for use by others, in the Southern District of Florida and elsewhere in the United States, infringing products including the UNi-VIM/CAM.

30. Defendants' infringement of the '261 Patent has been deliberate, willful and with full knowledge of the '261 Patent.

31. Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '261 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendants from continuing such infringement.

## COUNT TWO
## INFRINGEMENT OF U. S. PATENT NO. 8,103,407

32. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-27 herein.

33. Pursuant to 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe, at least one claim of the '407 Patent by offering for sale or use, and/or selling, distributing, promoting or providing for use by others in the Southern District of Florida and elsewhere in the United States, infringing products including the UNi-VIM/CAM.

34. Defendants' infringement of the '407 Patent has been deliberate, willful and with full knowledge of the '407 Patent.

35. Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '407 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendants from continuing such infringement.

## COUNT THREE
## UNFAIR COMPETITION (FLORIDA COMMON LAW)

36. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-32 herein.

37. Defendants' use of NAV-TV's customer list, vendor information and/or proprietary information constitutes unlawful and unfair practices or competition in violation of Florida common law.

38. As a result of Defendants' unfair competition, Plaintiff has been damaged.

39. Unless Defendants' unfair competition is enjoined by the Court, Defendants will continue their unfair competition and otherwise continue to cause irreparable damage and injury to Plaintiff.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief, as follows:

A. That Plaintiff is the owner of all right, title, and interest in the Patents-in-Suit, together with all rights of recovery under such patents for past and future infringement thereof;

B. That Patents-in-Suit are valid and enforceable in law and that Defendants have infringed each of said patents;

C. Awarding to Plaintiff its damages caused by Defendants' infringement of Patents-in-Suit, including an assessment of pre-judgment and post-judgment interest and costs;

D. That Defendants' infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E. Entering a preliminary and permanent injunction against Defendants, its officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of Patents-in-Suit, including without limitation, from continuing to make, use, sell and/or offer for sale.

F. That this is an exceptional case and awarding to Plaintiff its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

G. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: October 17, 2014        Respectfully submitted,

By: /s/ Lorri Lomnitzer
Lorri Lomnitzer
Florida Bar No.: 37632
MEREDITH & KEYHANI, PLLC
7999 N. Federal Highway, Suite 200
Boca Raton, Florida 33487
Telephone: 561-953-9300
Direct: 561-953-9301

4818-2248-5535, v. 1

Facsimile: 561-953-3455
llomnitzer@meredithkeyhani.com